## Warton's Estate.

*Wills—Undue influence—Insufficient evidence.*

A petition for an issue devisavit vel non alleging that undue influence was used to obtain the execution of a will was properly refused, where it appeared that testatrix employed a lawyer to advise her in the making of her will and to draft it for her; that she visited his office and told him how she desired to dispose of her estate; that he took memoranda and from these prepared the will in accordance with her request; that she executed the will at the office of her family physician, who was a reputable man, in the presence of said physician and her counsel, and no one else; that she was in good physical and mental condition at the time and retained possession of the will for almost three years previous to her death during which period she could have destroyed it at any time.

Argued Oct. 12, 1916.   Appeal, No. 97, Oct. T., 1916, by Benjamin Warton, from decree of O. C. Allegheny Co., March T., 1915, No. 291, affirming decree of Register of Wills, refusing petition for issue devisavit vel non, in Estate of Sarah Jane Warton, deceased.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.   Affirmed.

Appeal from decree of register of wills refusing an issue devisavit vel non.

TRIMBLE, J., filed the following opinion:

This is a proceeding for an issue devisavit vel non. The testatrix executed her will on the 29th day of July, 1911, and died on March 28, 1914.   Mary C. Rhine, a daughter of the testatrix, was appointed executrix and trustee by the will, and on April 13, 1914, letters testamentary were granted to her.   A petition was filed by Benjamin Warton, a son and legatee, who alleges that undue influence was used to obtain the execution of the will.   It is not alleged that the testatrix was incompetent.   The testatrix employed Mr. Ralph L. Smith, a member of the bar, as her counsel, to advise her in the making of the will, and to draft it for her.   She visited his office and told him how she desired to dispose of her estate; he took memoranda, and afterwards from these prepared the will in accordance with her request.   It was delivered by counsel to the testatrix, who informed him that she desired to have it executed at the office of her family physician, Dr. Davis, a reputable man of this city.   At the time and place appointed she appeared, and in the presence of Dr. Davis and Mr. Smith, and no person else, executed the will.   There was nothing to show that she was not in good physical and mental condition at that time, or that she had been influenced in any manner in disposing of her estate.   After the will was executed, the testatrix took it and kept it in her possession, and after her death it was found folded up in an old ledger in her room.   So far as the evidence shows, no

person except the testatrix and her counsel knew anything about the contents of the will until after her death.

In Phillips' Est., 244 Pa. 35, at page 43, it is said:

"When a will is attacked on the ground of undue influence, it is necessary to bear in mind the meaning of the term......; as a legal phrase it is used as denoting ......something violative of legal duty......The word 'influence' does not refer to any and every line of conduct capable of disposing in one's favor a fully and self-directing mind, but to control acquired over another which virtually destroys his free agency......In order to constitute undue influence sufficient to void a will, there must be imprisonment of the body or mind...... fraud, or threats, or misrepresentations, or circumvention, or inordinate flattery, or physical or moral coercion, to such a degree as to prejudice the mind of the testator, to destroy his free agency and to operate as a present restraint upon him in the making of the will."

The only question with which we are concerned in this case is whether there were sufficient facts shown by the evidence, or offered to be shown, which would measure up to the standard of proof required by the law to make void the will of this testatrix. It is noted that when any fraud, sufficient to deprive a will of its legal efficacy, is shown in any case, its undue influence must be present at the time of the execution of the will, and a careful search and consideration of the testimony, and the offers to prove facts, reveal nothing which does or could indicate that there was any fraud present when the deceased executed her will. The subscribing witnesses are both reputable men, and there is not a suggestion that either one of them knew of anything improper which was done, or attempted to be done by any person, either before or at the time of attesting the will. Great reliance was placed upon the fact that the decedent's daughter declared that she would not go for a lawyer at the request of the testatrix in order that she might rewrite her will in her last sickness, and shortly before

she died; but while this would be relevant if the petitioner had shown that undue influence had been used at the time of the execution of the will by this daughter, or some other person or persons, thereby causing its execution, and if she or they had kept the testatrix imprisoned in body or mind subsequent to the execution of the will and continuously thereafter until her last sickness, when she requested some person to destroy her will and desired to have another written, and was prevented from so doing, yet without such proof, evidence that the daughter refused to call a lawyer to write a new will, is worthless. The weakness of this case is emphasized when we consider that the testatrix kept the possession of her will from its date until her death, almost three years, during which time it could have been destroyed by her at any time, and this together with the absence of any undue influence causing its execution, makes it impossible to conclude that the prayer of the petition should be sustained.

The register of wills refused the petition for an issue devisavit vel non. The Orphans' Court affirmed the decree of the register of wills. Benjamin Warton appealed.

*Errors assigned* were various findings of fact and law and the decree of the court.

*Morton Hunter,* for appellant.

*R. T. M. McCready,* with him *Ralph L. Smith, James A. Wakefield* and *John G. Buchanan,* for appellees.

PER CURIAM, January 8, 1917:

The petition of the son of the testatrix for an issue devisavit vel non was based upon alleged undue influence exerted over her in the execution of her will. It was not alleged that she did not have testamentary capacity, and, after all the competent evidence offered by the contestant had been received, there was nothing to show that

his mother had been influenced in any manner in disposing of her estate. Nothing can be profitably added to the opinion of the court below dismissing the son's appeal from the probate of the will, and on that opinion his appeal to this court is dismissed, at his costs.